IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERTEN ELMON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-cv-18-K-BT |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Serten Elmon filed a single-page document that the Court interprets as seeking to assert civil rights claims under 42 U.S.C. § 1983. *See generally* Compl. (ECF No. 3). Elmon states, without more, that the State of Texas discriminated against him on account of his race and violated his right to an attorney and attorney-client privilege. *Id.* at 1. He asks that "an Anti Black Hate Crime Bill [be] signed into to [*sic*] Texas & Federal law by way of executive order immediately." *Id.* Elmon has neither paid the $405.00 filing fee nor filed a motion for leave to proceed *in forma pauperis*. As explained below, the District Judge should dismiss this action under 28 U.S.C. § 1915(e)(2) for failure to state a claim.

## Legal Standards and Analysis

Under 28 U.S.C. § 1915(e)(2)(B), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or

1

malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id*. at 33.

### I. The Court lacks jurisdiction over Elmon's claims.

"Absent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321–22 (5th Cir. 2022) (citing *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 276 (5th Cir. 2020)). "'Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless the state has waived its sovereign immunity or Congress has clearly abrogated it.' Texas has not consented by statute, and [42 U.S.C.] § 1983," for example, "does not abrogate state sovereign immunity." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (quoting *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014)) (further citation omitted).

Elmon has not identified any waiver or abrogation of sovereign immunity. Therefore, the Court should dismiss his claims against the State for lack of jurisdiction.

## II. Alternatively, Elmon fails to state a claim for relief.

Even under the liberal construction afforded *pro se* pleadings, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although courts liberally construe *pro se* pleadings, they do not accept "conclusory allegations" or "legal conclusions masquerading as factual conclusions." [Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002)](). Moreover, "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." [Rios v. City of Del Rio, 444 F.3d 417, 421 (5th Cir. 2006)]().

Here, Elmon provides only threadbare and conclusory allegations that he is the victim of some sort of discrimination at the hands of the State of Texas. He provides no support for these allegations, as he does not even explain how the State discriminated against him. Such threadbare allegations make dismissal appropriate.

Additionally, this action is moot because the relief Elmon seeks already exists. Elmon requests that "an Anti Black Hate Crime Bill [be] signed into to [*sic.*] Texas & Federal law by way of executive order immediately." Compl. at 1. But there is already federal and Texas hate crime legislation criminalizing discrimination

3

based on race. *See* UNITED STATES DEP'T OF JUSTICE, *Hate Crimes: Laws and Policies*, https://www.justice.gov/hatecrimes/laws-and-policies (last accessed Feb. 13, 2026). If Elmon only seeks an executive order criminalizing hates crimes, this action is moot. "[I]f in the course of litigation a court finds that it can no longer provide a plaintiff with any effectual relief, the case generally is moot." *In re Westcott*, 135 F.4th 243, 246 (5th Cir. 2025) (citation omitted) (alteration in original).

Thus, to the extent this Court retains subject matter jurisdiction, Elmon cannot state a claim for relief.

## Recommendation

The District Judge should dismiss this action for lack of subject matter jurisdiction. Alternatively, the District Judge should dismiss Elmon's claims with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

**SO RECOMMENDED.**

February 13, 2026.

                                      _____
                                      REBECCA RUTHERFORD
                                      UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).